**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 97-60517
_____


CARL EUGENE MILLER,

                                        Petitioner-Appellee,

                        versus


BRUCE CARVER and
MIKE MOORE,

                                Respondents-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(96-CV-586)

_____

December 8, 1997

Before WIENER, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]


    Respondents-Appellants Bruce Carver and Mike Moore appeal the

rulings of the district court denying their motion to stay the

court's earlier grant of a writ of habeas corpus and maintaining

such writ, which remanded the case to the state circuit court for

another bail hearing, not on a finding that the circuit court's

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirement of a $250,000 bail was excessive but that the courts of Mississippi violated their own process in the method employed in setting Miller's bail. In reaching its decision, the district court concluded that the provisions of AEDPA modifying 28 U.S.C. § 2254(d) did not apply to Miller's Petition because the Mississippi Supreme Court's denial of his motion seeking review of the amount of his bail did not constitute "an adjudication `on the merits'" and that the trial court acted arbitrarily and "violated the petitioner's Eighth and Fourteenth Amendment rights to reasonable bail" by "failing to make a record indicating that it considered the [criteria for determining bail as identified by the Mississippi Supreme Court] in its decision[s]." The district court then granted Miller's petition for habeas relief and remanded the case for a new bail hearing.

We have carefully reviewed the opinion and ruling of the district court, the facts of this phase of Miller's encounter with the law, and the legal arguments of able counsel as set forth in their appellate briefs and in their arguments before this court. As a result we conclude first that the district court erred when it determined that, as amended, 28 U.S.C. § 2254(d) did not apply because of a failure of the state courts' disposition of the matter to constitute an adjudication on the merits, and second that § 2254(d) now precludes habeas relief under the instant circumstances.

A case is adjudicated on the merits within the meaning of

2

§ 2254(d) as amended by AEDPA when it is disposed of on substantive rather than procedural grounds, regardless of the quality of a judicial review afforded a claim.[1]  We conclude that Miller's excessive bail claim was adjudicated on the merits by the Mississippi Supreme Court and thus falls within the ambit of AEDPA, regardless of the short shrift given to the matter by that court.

Under AEDPA, Miller was required to demonstrate that the disposition of his excessive bail claim by the courts of Mississippi were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[2]  To date, the Court has not "clearly established" what limits, if any, the Eighth Amendment's excessive bail clause imposes on the amount of bail pending appeal that a state court may impose on a convicted felon.[3] AEDPA teaches that in the absence of a clearly established precedent from the Supreme Court informing the state and federal courts how to determine when bail pending appeal is excessive, Miller's petition for habeas corpus should have been denied.  It follows that we must reverse the district court, vacate its stay

---

[1]  Green v. Johnson, 116 F.3d 1115, 1121 (5th Cir. 1997).

[2]  28 U.S.C. § 2254(d)(1).

[3] Up to now, the Court has merely stated that the "only arguable substantive limitation of the Bail Clause is that the Government's proposed conditions of release or detention not be `excessive' in light of the perceived evil."  United States v. Salerno, 481 U.S. 739, 754 (1987) (emphasis added).

and its grant of Miller's habeas petition as well, and render judgment denying habeas relief to Miller.

REVERSED; STAY and WRIT VACATED; and RENDERED.